# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH F. BELL, Ph.D., <br>     Plaintiff | : <br> : <br> : | |
| v. | : <br> : | Civil Action No. |
| KING'S COLLEGE, | : <br> : <br> : | COMPLAINT FOR <br> Copyright Infringement <br> and Trademark Infringement |
| -AND- | : <br> : | JURY TRIAL DEMANDED |
| JEFFERY KNARR, <br>     Defendants. | : <br> : | |

## COMPLAINT

Plaintiff, Keith F. Bell, Ph.D. ("Dr. Bell" or "Plaintiff") files this Complaint to recover damages arising from violations of Dr. Bell's intellectual property rights by Defendant, King's College ("King's College" or "Defendant"), and in support of his claim states as follows:

## PARTIES

1. Keith Bell, Ph.D. ("Bell") is a resident of Texas, who maintains his primary business office and residence at 3101 Mistyglen Circle, Austin, TX 78746.

2. King's College is a Pennsylvania non-profit corporation that maintains its primary offices at 133 North River Street, Wilkes Barre, PA 18711.

1

3. Upon information and belief, Jeffery Knarr ("Knarr") is an individual employed by King's College as its Head Football Coach, residing at 2700 Auburn Ave, Easton, PA 18045.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101, et seq., for trademark infringement under the Lanham Act, 15 U.S.C. § 1051, et seq., and for common law unfair competition and trademark infringement under Pennsylvania common law.

5. This Court has subject matter jurisdiction over Dr. Bell's claims arising under the Copyright Act pursuant to 28 U.S.C. § 1331 and § 1338(a), and arising under the Lanham Act pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 and § 1338(a).

6. This Court has supplemental jurisdiction over Dr. Bell's claims arising under Pennsylvania law pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over defendant King's College because its principal place of business is in the Commonwealth of Pennsylvania.

8. This Court has personal jurisdiction over defendant Jeffery Knarr because he is a resident of the Commonwealth of Pennsylvania.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and § 1400(a).

## GENERAL ALLEGATIONS

### Dr. Bell and his Sports Psychology Practice

10. Dr. Bell is an internationally recognized sports psychology and performance consultant. He has worked as a sports psychologist with over 500 teams, including the Olympic and national teams for the United States, Canada, Australia, New Zealand, Hong Kong, Fiji, and the Cayman Islands.

11. In addition to his work with sports teams, Dr. Bell speaks at national and international coaching symposia. Among others, he has been a featured speaker with the American Swim Coaches Association, Australian Coaches Association, Canadian Coaches Association, the Japanese Coaches Association, and the British Swim Coaches Association.

12. Dr. Bell has also enjoyed success as an athlete and coach. He is a four-time collegiate All-American swimmer, a holder of numerous world and national masters swim records, and has coached several collegiate, high school, and private swim teams to competitive success.

13. Further, Dr. Bell has authored and had published 10 books and over 80 articles relating to sports psychology and sports performance.  He also has been a regular columnist for national swimming publications such as Swimmers, Swimmers Coach, SwimSwam, and Swim Texas Magazine, and is a regular contributor to Austin Fit Magazine.

## Dr. Bell's Original Literary Work, *Winning Isn't Normal*

14. In 1981, Dr. Bell wrote the book entitled *Winning Isn't Normal* ("*Winning Isn't Normal*" or the "Infringed Work"), which was first published in 1982. The book has enjoyed substantial acclaim, distribution and publicity. Dr. Bell is the sole author of this work, and continues to own all rights in the work.

15. Dr. Bell holds a copyright registration for the Infringed Work, *Winning Isn't Normal*. A copyright registration certificate was issued by the United States Copyright Office for *Winning Isn't Normal* on or about September 21, 1989, with the registration number TX-0002-6726-44. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit A**.

16. Since Dr. Bell authored and published the Infringed Work, *Winning Isn't Normal*, he has and continues to promote, distribute, offer for sale, and sell numerous copies of the work. Currently, Dr. Bell offers *Winning Isn't Normal* for sale through Amazon.com and the website keelpublications.com.

17. Dr. Bell has made and continues to make meaningful efforts to create a market for *Winning Isn't Normal* and to protect and enjoy the rights afforded to him under the Copyright Act.

18. For example, Dr. Bell creates, markets, and sells derivative works featuring Winning Isn't Normal, such as posters and t-shirts that display a portion of *Winning Isn't Normal*. This portion of *Winning Isn't Normal* is viewed by Dr.

Bell and others as the heart of Dr. Bell's literary work. A true and correct copy of this portion of Dr. Bell's work is attached as **Exhibit B**.

19. This portion of Dr. Bell's work contains the expression "**Winning is unusual – as such it requires unusual action.**" On information and belief, no other published copyrighted work contains this expression.

20. Dr. Bell owns the domain winningisntnormal.com, which points to the keelpublications.com website where Dr. Bell offers the Infringed Work *Winning Isn't Normal* and derivative works for sale.

21. Due to the popularity of his original work *Winning Isn't Normal*, Dr. Bell has been able to increase his international recognition as an authority in sports psychology and sports performance, and has been asked to speak at conferences, symposia, and other engagements as a result.

22. Dr. Bell has offered and continues to offer licenses at fair and reasonable rates to others who wish to publish or otherwise use the popular *Winning Isn't Normal* on the internet or in traditional publishing mediums.

23. Dr. Bell has taken due care to provide notice of his copyright in *Winning Isn't Normal*.  Dr. Bell has included pertinent copyright notices on physical and electronic copies of *Winning Isn't Normal*, provides pertinent copyright notices on Amazon.com and keelpublications.com, and includes a conspicuous copyright watermark on digital images of derivative works (such as posters) or

excerpts that he posts online or otherwise distributes.

24. Dr. Bell also includes information on keelpublications.com regarding how to contact Dr. Bell about obtaining permission to use *Winning Isn't Normal*.

25. Because of Dr. Bell's commercial efforts, Dr. Bell enjoys trademark protection in the word mark "WINNING ISN'T NORMAL," which he uses in connection with various goods and services, including his "Winning Isn't Normal®" series of books of which *Winning Isn't Normal* is part. The United States Patent and Trademark Office issued a trademark registration to Dr. Bell for "WINNING ISN'T NORMAL" for printed matter on November 4, 2014, with a registration number of 4630749. A copy of the trademark registration is attached as **Exhibit C**.

26. Pursuant to Section 33(b) of the Lanham Act, registration of the WINNING ISN'T NORMAL® mark is conclusive evidence of the validity of the registered mark and of Dr. Bell's right to use the registered mark in commerce in connection with the goods or services specified in the registration.

27. As a result of the unique and distinctive nature of Dr. Bell's WINNING ISN'T NORMAL® mark and his continued commercial use of the mark, "Winning Isn't Normal" has become widely associated with Dr. Bell's printed material and related goods and services. The WINNING ISN'T NORMAL® mark is indicative to consumers that printed material and related items bearing the

WINNING ISN'T NORMAL® mark originate from or are affiliated with, sponsored, or approved by Dr. Bell.

### Defendants' Infringement of Dr. Bell's Work

28. Defendant Jeffery Knarr is the individual connected with and responsible for activity on the social media platform Twitter.com ("Twitter") by the user "@jeff_knarr."

29. On or about November 6, 2015, a textual representation of page 8 of *Winning Isn't Normal* was posted to the Twitter account of user "@jeff_knarr". A copy of the Twitter post is attached as **Exhibit D**.

30. The post was made without authorization from Dr. Bell and without attribution to Dr. Bell.

31. Neither Defendant King's College nor Defendant Jeffery Knarr contacted Dr. Bell to request permission to use Dr. Bell's copyrighted work.

32. As of November 14, 2015, the post had received 206 "Retweets" and 189 "Likes." Due to the globally accessible nature of Twitter, the post was accessible by Internet users across the world.

33. The post was a "retweet" of a post by NSU Baseball (@NSUBaseball32). The @NSUBaseball32 Twitter handle is used by Northeastern State University's RiverHawks baseball team.

34. Dr. Bell sent a Cease and Desist letter to Northeastern State University ("NSU")

which was signed for by NSU on September 27, 2016. Shortly thereafter, NSU removed the original post, automatically removing all retweets of the post. The post was therefore accessible on @jeff_knarr's Twitter page for at least 10 months and 21 days.

35. Defendant Jeffery Knarr is the Head Football Coach for Defendant King's College, and has held this position since February 11, 2010 (according to the King's College website at http://www.kingscollegeathletics.com/coaches.aspx?rc=934, accessed on August 31, 2017).

36. Upon information and belief, at all relevant times hereto, Coach Knarr was employed by Defendant King's College.

37. The official King's College Twitter account (@KingsCollege_PA), the official King's College football program's Twitter account (@KingsCollegeFB), and Defendant Jeffery Knarr's Twitter account (@jeff_knarr) refer to and "retweet" each other's posts.

38. Upon information and belief, King's College failed to direct Jeffery Knarr to remove the infringing post.

## COUNT I – COPYRIGHT INFRINGEMENT

39. Plaintiff incorporates and re-alleges all of the allegations contained in the preceding paragraphs of this Complaint.

40. Defendants have infringed Plaintiff's registered copyright in *Winning Isn't Normal* in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

41. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

42. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

43. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

44. Plaintiff is informed and believes that unless enjoined and restrained by this Court, Defendants will again infringe Plaintiff's rights in the Infringed Work, to the irreparable injury of Plaintiff.

## **COUNT II – FEDERAL TRADEMARK INFRINGEMENT**

45. As a cause of action and ground for relief, Plaintiff alleges that Defendants have engaged in trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. Section 1114(1), and incorporates and re-alleges all of the allegations contained in the preceding paragraphs of this Complaint.

46. The "Winning Isn't Normal" trademark is federally registered for use in relation to the following goods: "Printed matter, namely, non-fiction publicatins, namely, books, booklets, pamphlets, articles, manuals and posters in the field of

sports, fitness, and competitive performance and psychology." See the attached trademark registration at **Exhibit C**.

47. The Defendants used Plaintiff's trademark in the Twitter post without the Plaintiff's knowledge or permission, and without attribution to Plaintiff.

48. The Defendants included Plaintiff's trademark twice in the Twitter post. The first instance was as the title of the post, with the mark shown in letters which were emphasized by being capitalized, bold, and underlined. The second instance was at the end of the post, with the mark shown in letters which were emphasized by being capitalized, bold, underlined, and followed by three exclamation points.

49. The Twitter post lacked Plaintiff's name, and some readers of the post are likely to be confused so as to infer that the text shown in the post was originated by either of the Defendants or by NSU Baseball, rather than by Plaintiff

50. Defendants have infringed the Plaintiff's right to be identified and distinguished from others through use of the trademark.

51. Defendants' willful and deliberate acts described above have caused injury and damages to Plaintiff and have caused injury to Plaintiff's goodwill.

52. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

53. Defendants have infringed Plaintiff's registered trademark and therefore

Plaintiff is entitled costs of suit pursuant to the Lanham Act at 15 U.S.C. § 1117.

## COUNT III – PENNSYLVANIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

54. As a cause of action and ground for relief, Plaintiff alleges that Defendant has engaged and continues to engage in common law trademark infringement and unfair competition under Pennsylvania law. Plaintiff incorporates and re-alleges all of the allegations contained in the preceding paragraphs of this Complaint.

55. The "Winning Isn't Normal" trademark has been used by Plaintiff since at least as early as 1978.

56. The trademark has been affixed to various goods, including books, posters, and shirts.

57. The trademark has also been displayed prominently on the Keel Publications website at http://keelpublications.com/. Keel Publications sells items related to the "Winning Isn't Normal" trademark and to the Infringing Work.

58. Dr. Bell derives revenue from sales of the goods related to the trademark, both through one-time sales and through licenses.

59. At various times, Dr. Bell has licensed the use of text from his book *Winning Isn't Normal* for use in posters, books, and other uses by educational institutions and sports organizations.

60. The Defendants used Plaintiff's trademark in the Twitter post without the Plaintiff's knowledge or permission, and without attribution to Plaintiff.

61. The Twitter post lacked Plaintiff's name, and some readers of the post were likely to be confused so as to infer that the text shown in the post was originated by either of the Defendants or by NSU Baseball, rather than by Plaintiff, thereby passing off the text as that of Defendants.

62. The Defendants included Plaintiff's trademark twice in the Twitter post. The first instance was as the title of the post, with the mark shown in letters which were emphasized by being capitalized, bold, and underlined. The second instance was at the end of the post, with the mark shown in letters which were emphasized by being capitalized, bold, underlined, and followed by three exclamation points.

63. Defendants have violated the Plaintiffs right to exclusive use of the trademark.

64. By failing to seek and obtain permission to use text from Plaintiff's book, "*Winning Isn't Normal*", Defendants have engaged in unfair competition by passing off the text as theirs and obtained a windfall by using without compensating Plaintiff for that which they were legally obligated to pay.

65. Defendants' willful and deliberate acts described above have caused injury and damages to Plaintiff and have caused injury to Plaintiff's goodwill.

66. As a direct and proximate result of said acts by Defendants, Plaintiff is entitled

to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Defendants be cited to appear and answer herein; and that upon final hearing, a final judgment be entered that Defendants have infringed Plaintiff's exclusive rights in the Plaintiff's copyright and trademark under the Copyright Act, 17 U.S.C. § 101, et seq., under the Lanham Act, 15 U.S.C. § 1051, et seq., and that Defendants have engaged in common law unfair competition and trademark infringement under Pennsylvania common law.

Respectfully submitted,

/s/ Gerry J. Elman
Gerry J. Elman (PA Bar #12437)
Elman Technology Law, P.C.
12 Veterans Square
Media, PA 19063
(610) 892-9942
Email: admin@elman.com

*Attorney for Plaintiff Dr. Keith Bell*

Dated: September 25, 2017